625 So.2d 123 (1993)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, State of Florida, Petitioner,
v.
Charles STEWART, Respondent.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, State of Florida, Petitioner,
v.
Robert Henry, Respondent.
Nos. 93-837, 93-839.
District Court of Appeal of Florida, Fifth District.
October 15, 1993.
Enoch J. Whitney, Gen. Counsel, and Kim Feigin and Heather Rose Cramer, Asst. Gen. Counsel, Miami, for petitioner.
Stuart I. Hyman, NeJame & Hyman, P.A., Orlando, for respondents, Charles Stewart and Robert Henry.
GRIFFIN, Judge.
In these consolidated cases, both respondents were charged with driving under the influence of alcohol. Both refused to take a blood alcohol test and their drivers' licenses were suspended as a consequence. Upon formal review of the suspensions, a hearing officer determined that sufficient evidence existed to sustain the suspensions. Both respondents filed petitions for writs of certiorari, which were granted by the circuit court. The State of Florida, Department of Highway Safety and Motor Vehicles ("Department"), now petitions for certiorari review by this court of the lower court's decision that sections 322.261 and 322.2615, Florida Statutes (1991) are facially unconstitutional because they effect a forfeiture of a property right without due process of law. We grant the writs.
The Department contends, and we agree, that the circuit court failed to apply the correct rule of law in arriving at its decision. See Brunsman v. National Rent-A-Fence Co., 612 So.2d 719 (Fla. 5th DCA 1993). This court recently confirmed the constitutionality of the statute in Conahan v. Department of Highway Safety and Motor Vehicles, Bureau of Driver Improvement, 619 So.2d 988 (Fla. 5th DCA 1993). These two cases offer an even broader view of the due process issue and cause us to reaffirm our earlier conclusion in Conahan.
In addition to the opinions of the lower court in these two cases, the parties have provided us with copies of, or citations to, a dozen other trial level opinions that address many concerns about either the constitutionality or the fairness of the section 322.2615 hearing procedure. In several of these *124 cases, lower courts have either declared the legislation invalid on due process grounds or have granted licenseholders relief from certain procedures or practices of the Department.
The due process issue is controlled in large measure by the decision of the United States Supreme Court in Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979).[1] In that case, the Supreme Court considered whether the Massachusetts statute authorizing suspension of a driver's license upon refusal to take a breath analysis test violated the requirements of the due process clause of the United States Constitution. The Court recognized that the private interest in a license or permit to operate a motor vehicle is a substantial one to which due process applies. 443 U.S. at 10-11, 99 S.Ct. at 2617. The Court then declared that, in the context of a pre-hearing deprivation of a permit to operate a motor vehicle, due process requires only that the procedures established provide a reasonably reliable basis for concluding that the facts justifying the official action are as a responsible government official warrants them to be. 443 U.S. at 12-13, 99 S.Ct. at 2618. The Court found that a license suspension based on an affidavit of the arresting officer did not violate due process where a post-suspension hearing, at which the suspendee could present his or her side of the story, was available. Undoubtedly relevant to this conclusion are the limited facts required to be proved in the context of a suspension for refusal to submit to testing. See § 322.2615(7)(b), Fla. Stat. (1991). The Court reasoned that because the police officer issuing the affidavit necessarily has personal knowledge of these facts, he is qualified to determine probable cause to arrest for driving under the influence by reason of his training and experience. Additionally, because the officer is subject to both civil liability for unlawful arrest and criminal penalties for wilful misrepresentation, the officer has the incentive to truthfully report the facts, rendering "insubstantial" the risk of erroneous observation or deliberate misrepresentation. 443 U.S. at 14-15, 99 S.Ct. at 2619.
The principal features of the Florida procedure that the lower court found objectionable are that the burden of proof is by a preponderance of the evidence and that submission of the law enforcement officer's written report to the hearing officer is enough to sustain the burden. This places on the suspendee the burden to call all witnesses, including the arresting officer, in order to rebut the state's prima facie case. This feature of the Florida statute is similar to the Massachusetts statute scrutinized by the Mackey court, however. 443 U.S. at 7 n. 5, 99 S.Ct. at 2615 n. 5.
Also objected to is the fact that the "hearing officers" who hear these cases are employees of the Department and, thus, in effect, are fellow-employees of the highway patrol troopers whose affidavits and testimony they evaluate. Respondents have offered no authority, however, for their claim that this Department-employed hearing officer procedure is inherently unfair in a constitutional sense. In other jurisdictions, procedures similar to those objected to by respondents have been upheld. See Butler v. Department of Pub. Safety and Corrections, 609 So.2d 790 (La. 1992), Snelgrove v. Department of Motor Vehicles, 194 Cal. App.3d 1364, 240 Cal. Rptr. 281 (1987).
In short, the Florida procedure is "prompt," "fair" and "meaningful"[2] enough to meet the requirements of due process and is facially valid. Lower courts may find, under the facts of a specific case, that a suspendee's rights have not been respected, but respondents in these cases suffered no such deprivation.
Based on the foregoing, we issue the writ in each case with instructions to reinstate the license suspensions of Stewart and Henry.
*125 WRITS GRANTED and REMANDED with instructions.
COBB and PETERSON, JJ., concur.
NOTES
[1] There are some differences between the Massachusetts statute scrutinized in Mackey and the Florida statute, but these differences do not alter the outcome. The Massachusetts statute examined in Mackey did provide for an immediate hearing, if requested, whereas in Florida there is only a right to an informal hearing within 10 days or a formal hearing within 30 days. These time frames, however, are within the parameters validated by the Supreme Court. 443 U.S. at 12-13, 99 S.Ct. at 2618.
[2] Conahan, 619 So.2d at 990 (Griffin, J., concurring).