968 So.2d 59 (2007)
STATE of Florida, Petitioner,
v.
Bruce R. CLEMENTS, Respondent.
No. 1D07-2867.
District Court of Appeal of Florida, First District.
October 19, 2007.
Rehearing Denied December 7, 2007.
Bill McCollum, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Petitioner.
Mitchell A. Stone, Jacksonville, for Respondent.
BENTON, J.
By petition for writ of certiorari, the State asks us to quash the circuit court's decision reversing Bruce R. Clements' conviction for driving while under the influence of alcohol to the extent that his "normal faculties [we]re impaired," § 316.193(1)(a), Fla. Stat. (2006), and remanding for a new trial in county court. We deny the petition.
"Certiorari is not a vehicle to allow a second appeal." Dep't of Highway Safety & Motor Vehicles v. Pitts, 815 So.2d 738, 742 (Fla. 1st DCA 2002). A petition for writ of certiorari should not be granted unless the lower tribunal's ruling constitutes a "departure from the essential requirements of law" or "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 95-96 (Fla.1983). The circuit court's reversal of the county court conviction here was neither.
Stopped by a police officer for speeding and shifting between two lanes of traffic, Mr. Clements acknowledged drinking four or five beers, attempted a series of field sobriety exercises, performed poorly, and was arrested. At the jail, he was informed of Florida's Implied Consent Law and the consequences of refusing blood and breath tests, see § 316.1932, Fla. Stat. (2006), but declined to take either test. He was eventually charged with violating section 316.193(1)(a), Florida Statutes (2006) (prohibiting driving while "under the influence of alcoholic beverages . . . when affected to the extent that the person's normal faculties are impaired").
During jury selection, counsel for the State told the venire that "the defendant has been charged with driving under the influence. In Florida there [are] two ways *60 to prove that, essentially. Either someone can be proved to have an alcohol content of 0.08 or above, or you can prove that their normal faculties are impaired." Later counsel for the State reiterated, again to the venire, that there are "two ways that we can prove driving under the influence in Florida; one is the 0.08 blood alcohol content, and the other is normal faculties are impaired."[1]
On proffer at trial, Mr. Clements testified that he drank four 16-ounce beers between 9:30 the night before his arrest and 1:15 that morning. The State's evidence put the time of arrest between 1:45 and 2:00 a.m. The defense sought to adduce expert testimony that drinking four beers over a period of some four hours would not impair the "normal faculties" of an "average social drinker" weighing what Mr. Clements weighed. The proffered expert testimony used "the Widmark formula" to estimate that, at the time Mr. Clements was arrested, his blood-alcohol content fell within a range of 0.02 to 0.05 grams per 100 milliliters, and concluded that "there would be no significant impairment based upon the average social drinker." Even though the defense made no request for any instruction on presumptions, the trial court excluded the proffered testimony, on the purported authority of State v. Miles, 775 So.2d 950 (Fla. 2000), on grounds that it "would be irrelevant without instructing the jury as to the presumptions under Chapter 316."
On appeal, the circuit court ruled that the defense should have been permitted to offer expert testimony tending to show that Mr. Clements was not impaired at the time of his arrest, even though he had consumed alcohol before getting behind the wheel; and reversed for a new trial.[2] This was far from a departure from the essential requirements of law. It was, indeed, in conformity with the essential requirements of law. As the United States Supreme Court reminds us, "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Relevant evidence that tends to establish reasonable doubt must ordinarily be admitted. See Rivera v. State, 561 So.2d 536, 539 (Fla.1990) (stating "where evidence tends in any way, even indirectly, to establish a reasonable doubt of defendant's guilt, it is error to deny its admission"). Uncertainty regarding whether evidence tends to establish reasonable doubt should be resolved in favor of the defendant. See Vannier v. State, 714 So.2d 470, 472 (Fla. 4th DCA 1998) ("While the defense *61 is bound by the same rules of evidence as the state, the question of what is relevant to show a reasonable doubt may present different considerations than the question of what is relevant to show the commission of the crime itself. If there is any possibility of a tendency of evidence to create a reasonable doubt, the rules of evidence are usually construed to allow for its admissibility."). See also Washington v. State, 737 So.2d 1208 (Fla. 1st DCA 1999).
The petition for writ of certiorari is denied.
BROWNING, C.J., and BARFIELD, J., concur.
NOTES
[1] If Clements had taken a blood or breath test that revealed a blood-alcohol level of 0.08 grams per 100 milliliters or greater or a breath-alcohol level of 0.08 grams per 210 liters or greater, he could have been charged under section 316.193(1)(b) or (c), and the State would not have had to prove impairment by any other means. See § 316.193(1)(b) and (c), Fla. Stat. (2006). See also § 316.1934(2), Fla. Stat. (2006). The excluded expert testimony was consonant with these statutory presumptions, but did not rely on any of them.
[2] The circuit court ruled in effect that the county court's reliance on State v. Miles, 775 So.2d 950 (Fla.2000) was misplaced. The trial judge had reasoned:

State v. Miles, Chapter 316, makes it perfectly clear that before presumptions instructions may be given in any case, they must be founded upon or premised upon a breath or blood alcohol content based upon tests that were performed in substantial compliance with the rules of the Department of Law Enforcement under 316; that is, it has to be either a legal breath or a legal blood draw.
The admissibility of a blood-alcohol test was not an issue in the present case, nor was the availability of any statutory presumption at issue.