969 So.2d 573 (2007)
Edward L. CLARK, III, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2974.
District Court of Appeal of Florida, First District.
December 5, 2007.
*574 Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We have for review appellant Edward Clark's convictions for resisting an officer without violence and sexual battery on a person physically helpless to resist, a conviction supported largely by circumstantial evidence. The trial court partially excluded important testimony of appellant's expert witness, and for that reason we reverse Clark's sexual battery conviction and remand for a new trial. We reject appellant's eight other claims and affirm without comment his conviction for resisting an officer, for which the court sentenced him to time served.

BACKGROUND
The State charged Clark with sexual battery on a person physically helpless to resist, after police discovered the intoxicated victim, T.D., asleep in a bedroom inside appellant's apartment, and forensics tests confirmed that sexual activity had taken place. See § 794.011(4)(a), Fla. Stat. (2001) (prohibiting sexual battery upon a person "physically helpless to resist"). The State alleged, and the jury found, that two of appellant's three roommates participated in the encounter, elevating the offense from a first-degree felony to a life felony. See § 794.023(2)(b), Fla. Stat. (2001).
The only truly disputed issue in Clark's trial was whether T.D., who had consumed a substantial amount of alcohol, was "physically helpless to resist," as that phrase is statutorily defined, during the early-morning sexual encounter with appellant and his roommates  all strangers to her  about which T.D. remembers nothing. The record contains no eyewitness testimony concerning the episode. Neither do we find any testimony regarding T.D.'s consent or lack thereof.
Defending against the State's circumstantial case, appellant sought to introduce the testimony of Dr. Chowallur Chacko, a forensic and addiction psychiatrist who studied T.D.'s deposition and the surrounding circumstances of this case and was prepared to testify, among other things, as follows: (1) T.D.'s blood alcohol level at the height of her intoxication was between 0.16 and 0.31 grams per 100 milliliters; (2) in Dr. Chacko's experience, a person with a blood alcohol level of less than 0.35 would not lose consciousness; (3) T.D. was an alcoholic prone to alcoholic blackouts, during which she remained functional and would have been able to consent to sexual activity without remembering anything she did; and (4) T.D. was not physically helpless to resist during the sexual encounter. During his deposition and a proffer at trial, Dr. Chacko cited a number of circumstances and facts upon which he relied in reaching opinions concerning T.D.'s condition.
The trial judge permitted Dr. Chacko's testimony as to the first two propositions but, over the course of both a hearing on the State's motion in limine and a trial *575 proffer, excluded his testimony as to the latter two. Defense counsel proffered at trial an extensive portion of Dr. Chacko's proposed testimony, including the doctor's testimony that, in his opinion, T.D. was an alcoholic who had suffered blackouts in the past. The court excluded that testimony because the doctor had not examined T.D. and had based his conclusion solely on an examination of the records of this trial, appellant's first trial (which ended in mistrial), and T.D.'s deposition testimony. The court ruled, "[F]or this doctor to come in . . . and tell the jury that [T.D.] is an alcoholic . . . never having examined [T.D.] . . ., I do not think that is scientifically based." The judge also found the testimony would be unfairly prejudicial to the State.
That ruling followed the judge's earlier exclusion of Dr. Chacko's testimony that, in his estimation, T.D. was not physically helpless to resist during the encounter with Clark. The judge ruled that testimony inadmissible during a pretrial hearing on the State's motion in limine, filed generally "to prohibit" Dr. Chacko's testimony on the ground that it was "speculative and novel, and not something . . . commonly accepted as a matter upon which an expert opinion can be expressed." Referring at the conclusion of the hearing to Dr. Chacko's deposition testimony that the victim would not have been physically helpless, the judge said:
First . . . [Dr. Chacko] says that the alleged victim was not physically incapacitated. [Next] he says that the woman was capable of consenting for sex at the time. . . .
And I am going to determine that those opinions, . . . that the victim was [not] physically incapacitated [and] . . . that she was capable of consenting[, are] inadmissible. . . .
I think the jury is fully capable of making the same type of analysis based on hearing the same testimony as to the condition of the alleged victim.
Although defense counsel failed to proffer Dr. Chacko's testimony with regard to his estimation of T.D.'s faculties at trial, the judge at trial reiterated his earlier decision on the State's motion in limine, ruling again at the conclusion of the trial proffer as follows:
I think the jury is fully capable. They've heard the witnesses firsthand as to [T.D.'s] behaviors prior and after the incident. . . . So when [Dr. Chacko] talks about blood alcohol levels, he is going to be restricted to talking in terms of how that generally affects people. . . . But in terms of what that does to people, I think it needs to be generalized testimony, not specific as to this victim.
The jury convicted Clark of sexual battery with multiple perpetrators on a person physically helpless to resist. The court sentenced him to fifteen years' imprisonment.

ANALYSIS
The State had to prove at trial, among other things, that T.D. was "physically helpless to resist" during the sexual encounter with Clark. See § 794.011(4)(a), Fla. Stat. (2001). "Physically helpless" means "unconscious, asleep, or for any other reason physically unable to communicate unwillingness to an act." § 794.011(1)(e), Fla. Stat. (2001). As is true of many cases where the State proves guilt solely with circumstantial evidence, reasonable jurors may well have differed on the determinative question here: whether T.D. was, in fact, physically helpless to resist appellant's and his roommates' sexual overtures. See § 794.011(4)(a), Fla. Stat. (2001). For that reason, we must regard with caution any *576 discretionary act excluding otherwise-admissible evidence that would support a viable defense theory of the case.
We hold that the trial court erred in excluding Dr. Chacko's testimony. The trial judge excluded much of it when he partially granted the State's motion in limine and ruled that the doctor's conclusion as to an ultimate issue  whether T.D. was physically unable to resist  was a matter that jurors were "fully capable of analyzing . . . and making their same determination. . . ." That basis alone for exclusion, however, does not fit with the Florida Evidence Code, which provides that expert testimony is admissible even though it reaches a conclusion on an ultimate issue. See § 90.703, Fla. Stat. (2003) ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact."). Although defense counsel should have reintroduced Dr. Chacko's testimony regarding T.D.'s faculties during the proffer at trial, we decline to apply strictly the general rule that the proponent of proposed testimony must proffer the testimony at trial in order to obtain appellate review of the exclusion of that testimony. See, e.g., Finney v. State, 660 So.2d 674, 684 (Fla.1995) (declining to review allegedly improper exclusion of testimony because defendant "never proffered the testimony he sought to elicit from the witness and the substance of that testimony is not apparent from the record. Without a proffer it is impossible for the appellate court to determine whether the trial court's ruling was erroneous and if erroneous what effect the error may have had on the result."). We regard appellant's claim of error with respect to the doctor's opinion of the victim's consciousness as well provisioned for review because the record contains both a transcript of Dr. Chacko's deposition and a detailed, transcribed discussion of his proposed testimony among the judge, the prosecutor, and the defense counsel during the hearing on the State's motion in limine. The substance of that testimony is thus apparent on the face of the record.
The court excluded the doctor's testimony that T.D. was an alcoholic because the judge believed it was unfairly prejudicial to the State and was not based on a scientific opinion. Inasmuch as the excluded evidence merely expressed the doctor's opinion that, based on T.D.'s history of alcoholic blackouts, she likely experienced a similar episode the night she encountered Clark, the exclusion of this evidence, too, was error.
Our law favors admission of relevant and admissible evidence that might create reasonable doubt. The supreme court instructs us that "where [relevant] evidence tends in any way, even indirectly, to establish a reasonable doubt of defendant's guilt, it is error to deny its admission." Rivera v. State, 561 So.2d 536, 539 (Fla.1990). In State v. Clements, this court recently revisited the constitutional importance of the right of an accused to present relevant expert testimony "that tends to establish reasonable doubt" and held that a trial court committed error by preventing an expert witness from testifying that the DUI defendant probably would not have been impaired in light of the amount of spirits he consumed. 968 So.2d 59, 60 (Fla. 1st DCA 2007). We must be equally sensitive to the hazard presented by the exclusion of evidence establishing reasonable doubt in a case where, as here, the State has proven guilt by largely circumstantial evidence and, as to the critical issue, has relied entirely upon circumstantial evidence. In such a case, after all, the State meets its threshold burden by introducing evidence inconsistent with a defendant's alternative hypothesis *577 of innocence and "it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt." State v. Law, 559 So.2d 187, 189 (Fla.1989). For that task, jurors should consider any relevant and admissible evidence that would support such a hypothesis.
Because the trial court prevented Dr. Chacko from testifying that, in his opinion, T.D. was physically able to resist and was not unconscious, and because the doctor likewise was barred from expressing his opinion that T.D. had a history of alcoholic blackouts during which she did not lose consciousness, jurors never heard relevant, admissible testimony that might have refined and clarified their view of the State's circumstantial evidence. For that reason, we cannot conclude beyond a reasonable doubt that the error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We REVERSE appellant's conviction for sexual battery and REMAND for a new trial consistent with this opinion.
WOLF, KAHN, and WEBSTER, JJ., concur.