979 So.2d 1024 (2008)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
James BOESCH, Respondent.
No. 3D07-3145.
District Court of Appeal of Florida, Third District.
March 5, 2008.
Rehearing Denied April 18, 2008.
*1025 Judson Chapman, General Counsel, and Thomas C. Mielke, Assistant General Counsel, for petitioner.
Hal Schuhmacher, for respondent.
Before WELLS, ROTHENBERG, and SALTER, JJ.
SALTER, J.
The State of Florida, Department of Highway Safety and Motor Vehicles ("Department") petitions for a writ of certiorari regarding a Monroe County Circuit Court order issued in a driving under the influence ("DUI") case. The circuit court quashed an administrative hearing officer's suspension of the Respondent's driver's license after he refused a lawful breath test. We grant the writ and quash the circuit court order.
The respondent, James Boesch, was driving an automobile on the Overseas Highway, Plantation Key, at about 11:30 p.m. on October 23, 2006. A Monroe County Sheriff's deputy reported that Boesch was driving at a slow speed, crossing over the middle yellow line, and weaving. He saw Boesch's vehicle nearly strike an electrical pole. The officer further reported that Boesch's automobile struck a curb, flattening the front right tire, and ultimately stopped in front of Coral Shores High School. As the circuit court found in its order, "the deputy noticed a strong smell of alcohol coming from Mr. Boesch's breath, and Mr. Boesch exhibited red, bloodshot eyes, and slurred speech." After Boesch failed roadside sobriety tests, the officer asked him to submit to a breath test. Boesch refused. He was read the applicable implied consent warning and again refused to have a breath test.
Boesch was charged with driving under the influence, and his driving privilege was *1026 suspended. At Boesch's request, an administrative formal review hearing was conducted on December 22, 2006. At the hearing, the deputy testified that: "I immediately asked him if he'd submit to a lawful test of his breath and he said `no.'" The officer said again that after reading Boesch the implied consent warning, Boesch "still did not submit to a lawful test of breath."
During further questioning by Boesch's counsel, the deputy was asked if he read from the implied consent card. Counsel "asked" the deputy: "You're requested to submit to breath, blood orbreath, urine or blood test, and if you refuse[sic]." The deputy answered that he read implied consent via the card, and that he "asked [Boesch] to submit to a lawful test of the breath." A bit later, Boesch's counsel asked the question: "And once, once after [sic] you read him the breath, blood[1] and urine, and he refused and you marked it as a refusal, correct?" The officer answered, "Yes, sir."
After the cross-examination was concluded, the hearing officer asked for and obtained clarification, not new or additional information:
Hearing Officer: Okay. Officer, clarify something for me. What exactly did you ask the driver to do as far as testing?
Deputy: Outside of the car, I asked him if he'd submit to a lawful test of his breath
Hearing Officer: Okay.
Deputy: to determine the alcohol count.
Hearing Officer: Okay. Did you ask for anything else besides the breath?
Deputy: No, I didn't ask him for anything else at that time. I take [sic] him to the DUI room and then I read him implied consent.
Hearing Officer: Okay. Thank you very much, officer. Counsel, do you have any other questions for the officer?
The hearing officer sustained the suspension of Boesch's driver's license, and Boesch then sought certiorari to the Monroe County circuit court. By order entered October 12, 2007, that court granted the writ and found that:
In this case, the hearing officer departed from the role of a neutral and detached magistrate by questioning which results in the establishment of previously unestablished facts, to the benefit of one side or the other. The hearing officer's questioning was apparently designed to create a legally sufficient record to sustain a suspension and to counteract the questioning already conducted by [Boesch's counsel], in which the officer had not testified unequivocally that he had only requested the breath test. Accordingly, this Court finds that the hearing officer did impermissibly stray from her role as a neutral and detached magistrate in this case. See, DHSMV v. Pitts, 815 So.2d 738 (Fla. 1st DCA 2002)[sic]. The failure of a judge to remain neutral is fundamental error, and is not waived by the failure to make a contemporaneous objection.
Our review of circuit court orders on petitions for certiorari from administrative *1027 orders, a "second-tier certiorari review," is narrowly circumscribed. It is limited to deciding whether the circuit court afforded procedural due process and applied the correct law. We are to determine, in short, whether the circuit court "departed from the essential requirements of law," amounting to "a violation of a clearly established principle of law resulting in a miscarriage of justice." Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003).
In this case, the circuit court unquestionably departed from the essential requirements of law, violated clearly established principles of law, and allowed a miscarriage of justice.
First, there is no sign that the administrative hearing officer sought anything other than clarification of the officer's testimony. She obtained that clarification. She did not try to repair missing elements of a prima facie case for an unprepared prosecutor[2] or interpose objections and "severely limit the direct examination of witnesses" such that the "impression of impartiality" might reasonably be in doubt.[3] The deputy testified repeatedly that only the breath test implied consent warning was read to Boeschnot the blood or urine test warnings.[4] Boesch's counsel's questioning interjected, on a later try, the possibility that the blood test implied consent warning might have been read as well, so the hearing examiner simply sought clarification. It cannot reasonably be argued that the hearing officer took over the prosecution or elicited new information essential to one party's case. Florida law allowsand most would say, encourageshearing officers and judges to seek and obtain clarification in such instances. The hearing officer is not a potted plant.
Second, the hearing officer was empowered by law to "administer oaths, examine witnesses and take testimony, receive relevant evidence . . . question witnesses, and make a ruling on the suspension." § 322.2615(6)(b), Fla. Stat. (2006) (emphasis added).
Third, the issue was not preserved by a contemporaneous objection or even raised in a post-hearing motion; it was raised for the first time in the circuit court review proceeding. The circuit court's conclusion that the hearing officer's two questions for clarification represent a "failure to remain neutral" and "fundamental error" is itself patently erroneous on this record.
For each of these independently sufficient reasons, we find that the circuit court violated clearly established principles of law, resulting in a miscarriage of justice.[5] The circuit court orders granting Boesch's petition (dated October 12, 2007), and denying rehearing of that order, are hereby quashed.
Petition granted.
NOTES
[1] As Boesch's counsel certainly seems to have known, the separate implied consent statute applicable to blood tests, subsection 316.1933(1), Florida Statutes (2006), did not warrant a blood test in this case. Although we have not ruled (and do not here) on this point, at least one district court of appeal has held that the erroneous inclusion of the blood test implied consent warning may invalidate the breath test warning, preventing suspension of the defendant's license. State, Dep't of Highway Safety & Motor Vehicles v. Clark, 974 So.2d 416 (Fla. 4th DCA 2007).
[2] Boesch cites McFadden v. State, 732 So.2d 1180, 1183 (Fla. 4th DCA 1999) to support this argument.
[3] Dep't of Highway Safety & Motor Vehicles v. Pitts, 815 So.2d 738, 741 (Fla. 1st DCA 2002), relied upon by Boesch and also cited by the circuit court in its order.
[4] The implied consent warning form used and signed by the deputy contains separate advisories for each type of test; only the breath test section was checked.
[5] We also acknowledge and agree with the Department's contention in its petition that if the ruling below were to stand, it would chill the "search for truth" expected of hearing officers.