VAN NORTWICK, J.
The Department of Highway Safety and Motor Vehicles files a petition for writ of certiorari seeking review of an order of the circuit court sitting in its appellate capacity. In the order, the circuit court granted certiorari review and quashed the order of a hearing officer that had upheld the suspension of the driving privilege of William Carillon, respondent. Based upon the standard that a district court must follow in determining whether to grant certiorari review of a circuit court’s appellate decision, we cannot conclude that the circuit court applied the incorrect law. Accordingly, we deny the petition.
On April 11, 2010, Officer D.C. Wool-dridge responded to assist Officer R. Les-trange with a traffic crash involving a possible impaired driver. Officer Lestrange found respondent sitting in the driver’s seat of the vehicle. Later when Officer Wooldridge arrived, they observed that Carillon’s eyes were glassy, he had slurred speech, and he appeared disoriented. When Officer Wooldridge informed respondent that he was performing a DUI investigation, respondent stated that he did not hit his head, did not have any medical problems, was not a diabetic, and was not taking any medications or illegal drugs. Despite the repeated requests, respondent refused to participate in field sobriety exercises, and he was subsequently arrested for the offense of driving under the influence of alcohol. About half an hour later, Officer E. dayman read the Implied Consent Warnings and requested that respondent submit to a breath and urine test, but respondent refused again. His driver’s license was thereafter suspended for failure to submit to a breath test. Pursuant to Chapter 15A-6, Florida Administrative Code, and section 322.2615, Florida Statutes (2010), respondent timely requested an administrative hearing. The hearing officer conducted the administrative hearing and concluded that the law enforcement officer had probable cause to believe that respondent was driving or in actual physical control of motor vehicle *903 while under the influence of alcoholic beverages, and upheld the suspension of respondent’s driving privilege.
Before the circuit court, respondent argued that his driver’s license could not be lawfully suspended for refusal to submit to breath test because the police officer did not have reasonable cause to believe he had been under the influence of alcohol. In its decision granting respondent’s petition, the circuit court found that the record was devoid of any evidence that the impairment was due to consumption of alcohol and that, therefore, no law enforcement officer was authorized to request that respondent submit to a breath test under section 316.1932(l)(a).
Even if we were to agree with the Department that the circuit court erred in its ruling, under our constrained standard of review on second-tier certiora-ri, such error would not violate a clearly established principle of law resulting in a miscarriage of justice. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 525 (Fla. 1995); Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003). The circuit court here applied the correct law, section 316.1932(l)(a), and where the circuit court has applied the correct law, “[e]ven if we disagreed with the circuit court’s application of the law to the facts, we would have no basis to intervene and grant certiorari relief.” DHSMV v. Pitts, 815 So.2d 738, 744 (Fla. 1st DCA 2002); see DHSMV v. Edenfield, 58 So.3d 904, 907 (Fla. 1st DCA 2011). .
The Department of Highway Safety and Motor Vehicles argues in its petition that the circuit court also erred in not recognizing that competent, substantial evidence supported the suspension based upon respondent’s refusal of a urine test. Because the urine test issue was not before the circuit court, and thus not addressed by it, we do not reach the question. See Sun Ray Homes, Inc. v. County of Dade, 166 So.2d 827, 829 (Fla. 3d DCA 1964).
The petition for a writ of certiorari is DENIED.
ROBERTS, J. and DEMPSEY, ANGELA C., Associate Judge, concur.